UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

-of-

MICHAEL ALAN VACCARO, as owner of a 2001, 32-foot Fountain vessel M/V "WHY SO SERIOUS," *for Exoneration from or Limitation of Liability*,

Petitioner.

**DECISION AND ORDER**
17-CV-278S

1. On March 30, 2017, Petitioner Alan Vaccaro filed a complaint for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, in connection with an incident that occurred on his motor boat on July 3, 2016. (Docket No. 1.) Claimant Randy Ubriaco has a pending negligence action against Petitioner in New York State Supreme Court arising out of the incident. The state court action has been stayed in accord with 46 U.S.C. § 30511(c). (Docket No. 11.) On April 24, 2017, Claimant filed a motion to dismiss this matter. (Docket No. 15.)

2. Claimant argues that this case should be dismissed pursuant to the saving-to-suitors clause in the statute that codifies this Court's admiralty jurisdiction, 28 U.S.C. § 1333(1). Section 1333(1) provides that "district courts shall have original jurisdiction, exclusive of the courts of the State, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." See In re Petition of Germain, 824 F.3d 258, 263 (2d Cir. 2016) (quoting 28 U.S.C. § 1333(1)).

1

3. As Petitioner notes, there is tension between the saving-to-suitors clause, which gives suitors the right to a choice of remedies, and the Limitation of Liability Act underlying this action. (See Docket No. 15, Petitioner's Opp. at 4.) See also Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448, 121 S. Ct. 993, 1001, 148 L. Ed. 2d 931 (2001)). The Limitation of Liability Act "allow[s] the owner of a vessel to file a petition in federal court seeking total exoneration from or limitation of liability for 'damages caused by the negligence of his captain or crew.'" Germain, 824 F.3d at 264 (quoting Tandon v. Captain's Cover Marina of Bridgeport, Inc., 752 F.3d 239, 243-44 (2d Cir. 2014)); see 46 U.S.C. § 30511(a). Under the Act, the district court, "sitting in admiralty without a jury, conducts a proceeding known as a concursus." In re Leigh, No. 13-cv-294 (ADS)(AKT), 2014 WL 1315394, at *3 (E.D.N.Y. 2014). The district court determines "whether there was negligence, whether the negligence was without the privity and knowledge of the owner and, if limitation is granted, how the limitation fund should be disbursed." Id.; see also In re Complaint of Messina, 574 F.3d 119, 126 (2d Cir. 2009). Only losses, damages and injuries that were incurred "without the privity or knowledge of the owner" are subject to limitation. 46 U.S.C. § 30505(b). An owner remains liable "for his own fault and neglect." Messina, 574 F.3d at 126 (quotation and internal alteration omitted); 46 U.S.C. § 30505(a).

4. The Supreme Court has noted that the Limitation of Liability Act does not provide any privilege for a shipowner beyond a limitation of liability, and that permitting a shipowner to stay a state court proceeding when the shipowner's rights of limitation under the Act were fully protected "would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law

rights." Lake Tankers Corp. v. Henn, 354 U.S. 147, 152, 77 S. Ct. 1269, 1272, 1 L. Ed. 2d 1246 (1957). Citing this language, the Second Circuit has noted that "[a]s long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to assure that claimants are allowed to pursue their common law remedies in accordance with the 'saving to suitors' clause." Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 759 (2d Cir. 1988).

5. Courts have found that the exclusive jurisdiction of the admiralty court should give way to permit a claimant to pursue a state court claim when there is a lone claimant who seeks to recover in excess of the limitation fund, "providing that the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability" and the claimant "file[s] certain protective stipulations to safeguard the shipowner against exposure to liability in excess of the vessel and its cargo if limitation ultimately is found appropriate." In re Bridge Const. Servs. of Florida, Inc., 140 F. Supp. 3d 324, 337 (S.D.N.Y. 2015); see Dammers, 836 F.2d at 755; 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 15-5 (5th ed. 2011).

6. In this case, there is a lone claimant whose claim exceeds the stated value of Petitioner's motor boat. Further, the state negligence action against the Petitioner—who is alleged to be the owner and operator of the boat—will concern some of the same issues raised by the Limitation of Liability Act. If, as Claimant alleges, Petitioner was negligent in connection with the accident, this would implicate Petitioner's privity or knowledge and likely defeat his efforts to limit his liability under the Act. Petitioner argues that, therefore, he is entitled to have his direct negligence addressed in the context of a

3

federal limitation action. Petitioner cites to a recent Report and Recommendation from the Northern District of New York, in which the Magistrate Judge relied on Ex parte Green, a Supreme Court case from 1932, in recommending that a similar motion be denied and that the district court retain jurisdiction. See Matter of Germain, 5:14-cv-01013-BKS-ATB, Docket No. 41 (N.D.N.Y. June 13, 2017) (citing Ex parte Green, 286 U.S. 437, 52 S. Ct. 602, 76 L. Ed. 1212 (1932)). In Green, the Supreme Court affirmed a district court's injunction of a state court prosecution after the claimant "put in issue the right of the owner to limited liability." 280 U.S. at 440. The Magistrate Judge in Germain noted that permitting the Claimant to pursue his state court remedies prior to trial in the federal action "would be wasteful and duplicative," even if the Claimant agreed to relitigation, because the state court does not have jurisdiction to decide the issue of Petitioner's privity or knowledge. See Germain, 5:14-cv-01013-BKS-ATB, Docket No. 41 at 6.

7. Although the District Court has now adopted the Report and Recommendation, it questioned the Magistrate's conclusions and reliance on Green, noting that:

> In Green, the Court did not consider the prospect of a stipulation that might protect a petitioner's right to litigate the limitation issues in federal court. Since Green, courts have permitted claimants to pursue state court actions after having entered into stipulations agreeing to relitigate issues relating to the limitation of liability. See, e.g., Lewis, 531 U.S. at 441-42; Lewis & Clark Marine, Inc. v. Lewis, 258 F.3d 888 (8th Cir. 2001); Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1044 (11th Cir. 1996).

Matter of Germain, No. 514CV1013BKSATB, 2017 WL 3382313, at *2 (N.D.N.Y. Aug. 7, 2017). Accordingly, the District Court found that it was "obliged to consider the Claimant's argument that New York State Court is his choice of forum and that Petitioner's right to

the protections of the Act can be adequately protected" through stipulations or agreements that fully protect Petitioner's rights under the Act. Id.

8. The Petition here is analogous to that in Germain, in that it involves an individual owner who is alleged to have been operating the vessel at the time of the alleged injury to the Claimant. Further, the Claimant has stipulated in his Answer

> to protect the vessel owner's right to seek limitation of liability in this Honorable Court by:
>
> (a) waiving any claim of res judicata and issue preclusion relevant to the issue of limited liability based upon any state court rulings or judgments;
>
> (b) waiving any right to collect on any judgment based upon any state court rulings or judgments pending conclusion of this Honorable Court's limitation proceedings; and
>
> (c) Stipulating to this Honorable Court's exclusive jurisdiction to determine the issue of limitation liability.

(Docket No. 3 at 6). Under federal law, "stipulations and admissions in the pleadings are generally binding on the parties and the Court" as judicial admissions. PPX Enterprises, Inc. v. Audiofidelity, Inc., 746 F.2d 120, 123 (2d Cir. 1984). Petitioner is adequately protected by these stipulations, such that the state case may continue without impairing Petitioner's rights under the Act. Accordingly, the Order restraining suits is lifted and the motion to dismiss is granted, subject to the stipulations set forth in Claimant's Answer.

IT HEREBY IS ORDERED, that Claimant's Motion to Dismiss (Docket No. 9) is GRANTED;

FURTHER, that the Order Restraining Suits (Docket No. 11) is LIFTED;

FURTHER, that the Clerk of Court is directed to close this case, without prejudice to its being reinstated at the conclusion of the related state court proceedings, or as necessary to enforce Petitioner's rights under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

SO ORDERED.

Dated: September 27, 2017
Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge